UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 15-35-DLB-JGW

J. RANDY JACKSON                                                                MOVANT

vs.                                   **MEMORANDUM ORDER**

ANDREA GOGEL                                                              RESPONDENT

********************

This matter is before the Court on Magistrate Judge J. Gregory Wehrman's Report and Recommendation ("R&R") (Doc. # 16), wherein he recommends that Movant J. Randy Jackson's Motion to Quash Subpoena (Doc. # 1) be denied.  Jackson having filed specific Objections (Doc. # 19) thereto, Respondent Andrea Gogel having responded (Doc. # 22), and the Court having conducted an *in camera* review[1] of the subpoenaed documents, this matter is now ripe for review.  For reasons set forth herein, Jackson's Objections are **sustained in part and overruled in part** and Judge Wehrman's R&R is **adopted in part and rejected in part**.

I.      **Factual and Procedural Background**

Gogel is currently pursuing a Title VII discrimination and retaliation action against her employer, Kia Motors Manufacturing Georgia, Inc. ("Kia"), in the United States District Court for the Northern District of Georgia.  (Doc. # 15-1).  Gogel alleges, *inter alia*, that Kia failed to promote her to a Head of Department position because she was American and

---

1) More specifically, the Court reviewed 117 pages of e-mail correspondence provided by TMMNA for *in camera* review.

1

female and later retaliated against her for filing complaints.  (Doc. # 13-1).  Jackson, who served as Gogel's supervisor at Kia, is not a party to that action.  (*Id.*).  However, he is implicated in several of the underlying factual allegations.  (*Id.*).

During discovery, Gogel suggested that Kia include several explicit search terms in their e-discovery process.  (Doc. # 1-4 at 19-20).  She explained that she had reason to believe such explicit terms would appear in e-mails: "For example, we are aware that Randy Jackson circulated offensive pornographic materials on his computer" while employed with Toyota Motor Manufacturing North America, Inc. ("Toyota").[2]  (*Id.*).  Kia adamantly denied the allegations against Jackson, which ""appear[ ] to have been included solely to harass [him] and compromise his standing with his current employer."  (*Id.* at 23).  Gogel then subpoenaed Toyota's corporate designee to testify at a deposition in Covington, Kentucky.  (Doc. # 1-3).  The subpoena further required the corporate designee to produce the following documents:

1.  J. Randy Jackson's complete personnel file and/or other files or compilations of documents, including but not limited to all applications for employment, offer letters, performance appraisals, credentials, resumes, commendations, reprimands, warning letters, correspondence relating to employment, resignation letters, and all other documents contained therein for the time period of 1996 through 2003.

2.  Any e-mail sent or forwarded by J. Randy Jackson during his employment with Toyota Motor Engineering & Manufacturing North America, Inc. (TEMA), for the period of 1999 through 2003 that was considered offensive, pornographic in nature or sexual in nature, and/or derogatory towards women.

---

2) Gogel also worked in human resources at Toyota.  (Doc. # 13-9 at 2).  In fact, Jackson served as her supervisor there too.  (Docs. # 1-4 at 2; 13-1, p. 4, ¶ 10).  He left Toyota to work as a consultant, then secured employment with Kia.  (Doc. # 1-4 at 2).  Jackson was instrumental in helping Gogel obtain a position at Kia a few years later.  (*Id.*; Doc. # 13-1, p. 4, ¶ 9).

2

3.      The Separation Notice TEMA filed with the Department of Labor regarding the end of J. Randy Jackson's employment.

4.      Any separation agreement or severance agreement between J. Randy Jackson and TEMA.

(*Id.* at 5).  Jackson promptly filed his Motion to Quash the Subpoena (Doc. # 1) in this Court.

## II.     Standard of Review

While "[a] motion to quash a subpoena is usually a nondispositive matter," courts have treated them as dispositive "where, as here, the decision would dispose of the entire matter at issue in this case."  *Luppino v. Mercedes-Benz Financial Servs. USA, LLC*, No. 13-50212, 2013 WL 1844075, at *3 (E.D. Mich. Apr. 11, 2013); *see also EEOC v. Nestle Prepared Foods*, Civ. A. No. 11-358, 2012 WL 1888130, at *4-5 (E.D. Ky. May 23, 2012) ("Because the EEOC's motion to enforce the subpoena sets forth all of the relief requested in this matter, the Court views it as a dispositive motion.").  Thus, a magistrate judge entertaining such a motion must proceed by report and recommendation.  Fed. R. Civ. P. 72(b)(1) and 28 U.S.C. § 636(b)(1)(B).  If a party objects to the report and recommendation, the district court must then review the contested portions of the decision *de novo.*  Fed. R. Civ. P. 72(b)(2), (3); *see also Luppino*, 2013 WL 1844075, at *3 (reviewing the magistrate judge's decision on a motion to quash a subpoena *de novo*).

## III.    Analysis

The scope of discovery in civil cases is quite broad:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter

3

relevant to the subject matter involved in the action.  *Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.*

Fed. R. Civ. P. 26(b)(1) (emphasis added).  This rule applies to parties as well as non-parties.  *Id.*; Fed. R. Civ. P. 34© ("[A] nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

However, upon a timely motion, "the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45©; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(d).  The "undue burden category encompasses situations where the subpoena seeks information irrelevant to the case."  *Singletary v. Sterling Transport, Inc.*, 289 F.R.D. 237, 240 (E.D. Va. 2012) (internal quotations omitted).

In ruling on such a motion, courts must balance the following factors: (1) relevance; (2) need; (3) confidentiality; and (4) harm.  *Anderson v. Old Nat'l Bancorp*, Civ. A. No. 5:02-CV-00324, 2010 WL 5463397, at *2 (W.D. Ky. Dec. 29, 2010).  "A nonparty seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted."  *Id.*  Courts must "proceed cautiously in enforcing a subpoena when the information is being sought from a non-party to the litigation."  *Id.*

After Judge Wehrman issued his R&R, Jackson filed Objections and asked the Court to conduct an *in camera* review of the subpoenaed documents.[3]  In his Objections, Jackson

---

3) Jackson also requested a hearing.  Having reviewed the subpoenaed documents and the applicable law, the Court finds that a hearing is not necessary to adjudicate this matter.

maintains that *all* of the subpoenaed documents are non-discoverable because they have no relevance to Gogel's gender discrimination claims.  He notes that the requested emails are over a decade old and pertain to his past employment with Toyota.  Although Jackson insists that the emails do not contain sexually explicit material, in the event that they do contain questionable material, he argues that they are still irrelevant because they were sent to a non-employee attorney.  Thus, the emails reveal nothing about his attitude towards female employees.  Jackson also contends that "[w]hether or not sexual material was sent to a non-employee is not probative of [Gogel's] claims" because her claims involve an entirely different type of conduct.  Specifically, Gogel bases her gender discrimination claims on Jackson's alleged failure to promote her and wrongful termination of her employment; there are no allegations of sexual harassment.

Jackson's argument blurs the line between discoverability and admissibility.  As Judge Wehrman points out, the two are not coextensive.  While material must be discoverable in order to be admissible at trial, it is not necessarily admissible simply because it is discoverable.  Discovery must only be *reasonably calculated to lead to the discovery of admissible evidence.*  Through these emails, Gogel seeks to discover whether Jackson engaged in inappropriate behavior during his former employment.  She reasons that this information is relevant and discoverable because it illustrates Jackson's attitude about females in the workplace, which allegedly influenced his decision to terminate her employment.  With this explanation in mind, the Court cannot conclude that the requested documents are not reasonably calculated to lead to the discovery of admissible evidence.

_____

Accordingly, Jackson's request for a hearing is denied.

Jackson's concerns about the age, origin and context of these emails may very well affect their admissibility in later stages of the litigation, but they are not grounds to bar discovery of these documents altogether.

Jackson also insists that this subpoena is intended to harass and annoy him because it was issued just after the parties' e-discovery dispute.  The Court agrees with Judge Wehrman that the timing of the subpoena is not inherently suspicious.  As for Jackson's assertion that releasing these documents will harm his reputation with Kia, the Court finds these concerns to be overstated as well.  As Jackson's current employer, Kia "already knows–or reasonably should already know–[his] employment record with Toyota." (Doc. # 16 at 5).  Thus, the potential harm to Jackson does not outweigh Gogel's need for these documents and their relevance to her claims.

Having conducted its *in camera* review, and after balancing the required factors of relevance, need, confidentiality and harm, the Court concludes that 32 of the 117 pages of email correspondence *are* discoverable under the applicable standard.  The discoverable pages bear the following Bates stamps: 000002, 000003, 000004, 000008, 000020, 000041, 000043, 000044, 000047, 000050, 000051, 000052, 000057, 000058, 000059, 000063, 000064, 000067, 000068, 000071, 000079, 000080, 000088, 000091, 000092, 000093, 000101, 000102, 000103, 000105, 000112 and 000114.

Finally, Jackson requests that the Court make disclosure of the subpoenaed documents for "attorneys' eyes only."  The Court will leave this decision to the United States District Judge presiding over Gogel's Title VII case in the Northern District of Georgia.  Accordingly, for reasons stated herein,

6

**IT IS ORDERED** as follows:

(1)     The Magistrate Judge's R&R (Doc. # 16) is hereby **ADOPTED** as to the 32 Bates stamped pages that the Court has found to be discoverable, and **REJECTED** as to the remaining 85 pages of the subpoenaed documents;

(2)     Jackson's Motion to Quash (Doc. # 1) is hereby **DENIED** as to the 32 Bates stamped pages that the Court has found to be discoverable, and **GRANTED** as to the remaining 85 pages of the subpoenaed documents;

(3)     This matter be, and is hereby, **DISMISSED** and **STRICKEN** from the Court's active docket; and

(4)     A copy of this Order should be **MAILED** to United States District Judge Timothy C. Batten, Sr., 2142 Richard B. Russell Federal Building and United States Courthouse, 75 Spring Street, SW Atlanta, GA, 30303-3309, who is presiding over *Gogel v. Kia Motors Manufacturing of Georgia, Inc.*, Case No. 3:14-cv-00153-TCB-RGV in the United States District Court for the Northern District of Georgia.

This 29th day of May, 2015.



Signed By:

*David L. Bunning*

**United States District Judge**

G:\DATA\ORDERS\Cov15\15-35 Memorandum Order re Mtn to Quash.wpd